# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEILA M. MARTIN, *et al.*, | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:17-1792 |
| v. | : | (MANNION, D.J.) (SCHWAB, M.J.) |
| TOWNSEND R. MOREY, III, *et al.*, | : | |
| Defendants | : | |

## **MEMORANDUM**

Pending before the court is the report and recommendation of Magistrate Judge Susan E. Schwab, (Doc. 54), which recommends that the court dismiss, in part, with prejudice and, in part, without prejudice, the constitutional claims, pursuant to 42 U.S.C. §1983, raised by *pro se* plaintiff Sheila M. Martin, on behalf of herself and on behalf of two deceased men, against six defendants. Judge Schwab also recommends that the plaintiff's motion to substitute, (Doc. 36), be denied. Based on the foregoing, Judge Schwab's report will be **ADOPTED IN ITS ENTIRETY** and, the claims and defendants stated in plaintiff's amended complaint, (Doc. 38), will be **DISMISSED WITH PREJUDICE**, in part, and **WITHOUT PREJUDICE**, in part, as detailed below. The plaintiff's motion to substitute will be **DENIED**.

To date no objections to Judge Schwab's report have been filed by any party and the time to file objections has passed.

Where no timely objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear

error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Int'l, Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010). District judges should give some "level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.3.

Plaintiff brings claims on behalf of herself and, on behalf of Townsend R. Morey, Jr. and Peter A. Rodenrys, both deceased. Judge Schwab correctly finds that the court should dismiss all claims brought by plaintiff on behalf of Morey, Jr. and Rodenrys. *See* Murray on behalf of Purnell v. City of Philadelphia, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court."). In Murray, the Third Circuit held that "a non-attorney, non-beneficiary administrator [of an estate] [is not] conduct[ing] her 'own case' when representing an estate in federal court" and, that she may not conduct the case pro se on behalf of an estate. *Id*. at 171 (citing 28 U.S.C. §1654).

Judge Schwab also recommends that the court grant the unopposed motions to dismiss plaintiff's amended complaint, (Doc. 38), filed by

2

defendants Bon Secours Hospital and Townsend R. Morey, III. (Docs. 41 & 46). Specifically, she recommends that Bon Secours's motion to dismiss for insufficient service of process be granted pursuant to Fed.R.Civ.P. 12(b)(5), and that this defendant be dismissed without prejudice. *See* Umbenhauer v. Woog, 969 F.2d 25, 30 n. 6 (3d Cir.1992). The court will adopt the recommendation that Bon Secours's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(5) be granted and, this defendant will be dismissed without prejudice.

It is recommended that Townsend R. Morey, III's motion to dismiss for failure to state a claim be granted pursuant to pursuant to Federal Rule of Civil Procedure 12(b)(6), since plaintiff failed to allege facts that he was acting under state law, and that he violated her rights. Since plaintiff was already granted leave to amend her complaint and since plaintiff failed to file a brief in opposition to the motion, the Judge finds that it would be futile to allow her further leave to amend her claims against Townsend R. Morey, III.

Thus, it is recommended that the §1983 claims against Townsend R. Morey, III be dismissed with prejudice. It is also recommended that the court decline to exercise supplemental jurisdiction over any state law claims against Townsend R. Morey, III, pursuant to 28 U.S.C. §1367(c)(3).

The court will adopt the recommendations as to Townsend R. Morey, III, and this defendant will be dismissed with prejudice. *See* Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004) ("Dismissal without leave to amend is

justified only on the grounds of bad faith, undue delay, prejudice, or futility.").

Judge Schwab further recommends that the court dismiss defendants David Morey and Martin Morey, pursuant to Fed.R.Civ.P. 4(m), for lack of service, especially since plaintiff was directed to show cause why these defendants should not be dismissed and she was warned that her failure to show cause would result in a recommendation of the dismissal of these defendants. To date, plaintiff has failed to file a return of service showing that she properly served defendants David Morey and Martin Morey, and the time for service on these two defendants under Fed.R.Civ.P. 4(m) has passed.

The recommendations as to David Morey and Martin Morey will be adopted and these defendants will be dismissed without prejudice. *See* Harris v. McMullen, 609 Fed.Appx. 704, 706 (3d Cir. 2015) ("Rule 4(m) provides that the District Court must dismiss the action without prejudice as to a defendant after notice to the plaintiff if service of the complaint is not made upon that defendant within 120 days after the filing.").

Further, Judge Schwab recommends that the claims in the amended complaint against the two remaining defendants, namely, Tracey Simon, an investigator with the Pike County Agency on Aging, and the Pike County Agency on Aging, be dismissed without prejudice. It is recommended that the plaintiff be granted leave to file a second amended complaint against the Pike County defendants. As the report explains, the plaintiff's allegations as to what Simon personally did to violate her rights are insufficient, *see* Santiago

4

v. Warminister Tp., 629 F.3d 121 (3d Cir. 2010), and plaintiff fails to properly state a claim against the County Agency on Aging under Monell v. Department of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018 (1978).

Thus, the claims against defendants Simon and Pike County Agency on Aging will be dismissed without prejudice and, plaintiff will be permitted to file a second amended complaint as to these defendants.

Additionally, Judge Schwab recommends that the court deny the plaintiff's motion to substitute herself to act on behalf of deceased plaintiff Townsend R. Morey, Jr., as his power of attorney, (Doc. 36), and that the court dismiss the claims that plaintiff brought on behalf of Morey, Jr. Based on the same rationale, the Judge recommends that the claims plaintiff brought on behalf of Rodenrys also be dismissed.

In light of the Third Circuit's holding in Murray on behalf of Purnell v. City of Philadelphia, 901 F.3d at 170-71, it is clear that plaintiff cannot represent Morey, Jr. and Rodenrys, and these two deceased plaintiffs will be dismissed from this case. Also, plaintiff's motion to substitute will be denied and all of the claims plaintiff brought on behalf of Morey, Jr. and Rodenrys will be dismissed.

The court has reviewed each of the bases presented by Judge Schwab regarding her above stated recommendations as to the plaintiff's amended complaint. Because the court agrees with the sound reasoning that led Judge Schwab to the conclusions in her report and finds no clear error on the face

of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

                                        s/ *Malachy E. Mannion*
                                        **MALACHY E. MANNION**
                                        **United States District Judge**

**Date: July 9, 2019**

17-1792-01.wpd